**NATIONAL LABOR RELATIONS BOARD, Petitioner, Appellant,**

v.

**PACKAGE MACHINERY COMPANY, Respondent, Appellee.**

**No. 71–1344.**

United States Court of Appeals, First Circuit.

Heard March 8, 1972.

Decided March 30, 1972.

Robert A. Giannasi, Atty., Washington, D.C., with whom Peter G. Nash, Gen. Counsel, and Marcel Mallet-Prevost, Asst. Gen. Counsel, were on brief, for petitioner.

Jerome N. Weinstein with whom Herrick, Smith, Donald, Farley & Ketchum, Michael R. Brown, Walter E. Graham, and Peter L. Resnick, Boston, Mass., were on brief, for respondent.

Benjamin Werne, New York City, Norman D. Alvy, Hempstead, N. Y. and Naomi Werne, Jamaica, N. Y., on brief for The National Automatic Merchandising Assn., amicus curiae.

Before ALDRICH, Chief Judge, Mc-ENTEE and COFFIN, Circuit Judges.

ALDRICH, Chief Judge.

A union [1] representing the employees of respondent Package Machinery Company sought to bargain with the company over the prices to be charged in the cafeteria and food vending machines. This demand was made when the company notified the union that prices were to be advanced; e.g., coffee and soda from 10¢ to 15¢; milk to be in smaller containers. The restaurant and vending machines are, so to speak, a concession in reverse; the company pays a national vending concern a subsidy in order to persuade it to conduct the operation.[2] The company refused to bargain over the price rises and eventually an order was entered by the Board.[3]

Basically, indeed, very broadly, the Board wishes us to adopt its Westinghouse Corporation decision, 156 N.L.R. B. 1080, reversed en banc, Westinghouse Elec. Corp. v. NLRB, 4 Cir., 1967, 387 F.2d 542. The principle presently advanced by the Board is potentially a far-reaching one, for notwithstanding its attempted reliance on prior cases for support the Board in fact seeks a newly-expanded definition of "conditions of employment," 29 U.S.C. § 158(d), as it relates to company-supplied food services. At the outset we note that this is obviously not the case of hardship present in Weyerhaeuser Timber Co., 1949, 87 N. L.R.B. 672, involving food services at a remote logging camp. Here over 90% of the employees come to work by automobile; there are several restaurants or cafeterias within a five-minute drive, and although virtually all employees use the vending machines at one time or another, only 50% patronize the company cafeteria. On this record the case is weaker than Westinghouse Electric, ante, where the Board found that there were "inadequate dining facilities within a reasonable distance of the plants" and that Westinghouse employees were "compelled" to eat on the premises.[4] No such finding was made here. Nor does the company propose to discontinue the services. The union seeks to debate simply the extent to which the company must subsidize the cost.[5]

Were we to decide in favor of the Board in this case it could not help but be a precedent, to the extent that it is recognized elsewhere, of nation-wide im-

---

1. Local #220 International Union of Electrical, Radio and Machine Workers, AFL-CIO.

2. The Board, quite correctly, did not recognize the union's charge that the company must bargain over its "profits."

3. The Board took the procedural course of charging a section 8(a) (5) (1) violation for failure to supply information.

4. Westinghouse Elec. Corp. v. NLRB, 4 Cir., 1966, 369 F.2d 891, 894 n. 6.

5. To this extent a substantial red herring is sought to be introduced into the case by National Automatic Machines Assoc., which has submitted an amicus brief. The question is not whether the union is to sit down with the concessionaire in its day by day pricing, but is whether the union has a right to bargain over the bill which the company must pick up as a result of charging the employees below cost.

**938**

portance. The Board presents no record as to various company practices in this regard. All it has is a demand from a union that the company should contribute to the expenses of lunch or snacks for those who do not wish to bring their lunch from home, or to take the trouble to drive to a nearby restaurant. If food costs go up from time to time, as inevitably they seem to, it would appear more appropriate to bargain over wages, particularly when half of the employees do not use the company restaurant. In any event, on so thin a record we do not believe we should endorse so broad a principle. The order of the Board will not be enforced.